UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. COOPER,<br><br>    Plaintiff,<br>v.<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Civil Case No. 12cv2673 AJB (DHB)<br><br>ORDER:<br><br>(1) ADOPTING REPORT AND RECOMMENDATION, (Doc. No. 18);<br><br>(2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (Doc. No. 11);<br><br>(3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, (Doc. No. 15); AND<br><br>(4) REMANDING FOR FURTHER PROCEEDINGS. |

  On November 2, 2012, Plaintiff Carol A. Cooper ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g), requesting judicial review of an adverse final decision issued by the Commissioner of Social Security ("Defendant").  (Doc. No. 1.)  On April 2, 2013, Plaintiff filed a motion for summary judgment, (Doc. No. 11), and on May 14, 2013, Defendant filed a cross-motion for summary judgment, (Doc. Nos. 15, 16). Plaintiff did not file an opposition to Defendant's cross-motion for summary judgment or a reply to Defendant's opposition.

On December 5, 2013, United States Magistrate Judge David H. Bartick issued a Report and Recommendation ("R&R"), recommending that the Court grant Plaintiff's motion for summary judgment, deny Defendant's cross-motion for summary judgment, and remand for further administrative proceedings. (Doc. No. 18 at 29:2-5.) The R&R also instructed the parties that any written objections to the R&R must be filed no later than January 6, 2013, and that failure to file timely objections could waive any right to raise those contentions on appeal. (*Id*. at 29:9-16.) *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). As of the date of this order, neither party has filed an objection to the R&R or requested additional time to file objections.

A district judge's duties concerning a report and recommendation and objections thereto are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). Pursuant to Section 636(b)(1)(C), a district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, under Rule 72(b), in the absence of timely objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Here, despite being represented by counsel, neither Plaintiff nor Defendant filed timely objections to the R&R. Therefore, having reviewed the R&R the Court finds the report thorough, well-reasoned, and contains no clear error. *See* Fed. R. Civ. P. 72(b); *Reyna-Tapia*, 328 F.3d at 1121. Accordingly, the Court ADOPTS the R&R in its entirety, (Doc. No. 18), GRANTS Plaintiff's motion for summary judgment, (Doc. No. 11), DENIES Defendant's cross-motion for summary judgment, (Doc. No. 15), and REMANDS the case to the Social Security Administration for further administrative

1  proceedings consistent with the R&R, (Doc. No. 18 at 28:7-21).  The Clerk of Court is
2  instructed to remand and close the case.

5  IT IS SO ORDERED.
6  DATED:  January 7, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge